UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TEVIN LEWIS** | **CIVIL DOCKET NO.** _____ |
| **VERSUS** | **JUDGE** _____ |
| **DWIGHT HUVAL, INDIVIDUALLY AND IN HIS CAPACITY AS A LAFAYETTE POLICE OFFICER; AND THE LAFAYETTE CONSOLIDATED GOVERNMENT** | **MAGISTRATE JUDGE** _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR DAMAGES**

**TO THE HONORABLE, JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:**

**NOW INTO COURT,** through undersigned counsel, comes **TEVIN LEWIS**, Plaintiff, a person of the full age of majority and resident of Lafayette Parish, State of Louisiana, who for his Petition for Damages respectfully represents that this is a civil action against **DWIGHT HUVAL**, a police officer of the Lafayette Police Department, individually and in his official capacity, and the **LAFAYETTE CONSOLIDATED GOVERNMENT**, a political subdivision of the State of Louisiana, employer of Dwight Huval, individually and as employer, for violation of Plaintiff's constitutional rights, the details of which are set forth herein below. This civil rights action seeks damages against Defendants for committing acts under color of state law, and depriving Plaintiff of rights secured by the Constitution and Laws of the United States.

JURISDICTION

1.

The jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. §§ 1983 and 1988 for violation of Amendments to the United States Constitution more specifically the Fourth Amendment,

which protects against unreasonable search and seizures; the Fifth and the Fourteenth Amendments, which prohibits deprivation of life, liberty, or property without due process of law and negligence; and the Eight Amendment, which protects against cruel and unusual punishment. This Honorable Court has jurisdiction of this action under 42 U.S.C. §1983, 28 U.S.C. §1343, and 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law pursuant to 28 U.S.C. §1367.

2.

Jurisdiction against the governmental and individual defendants is conferred upon this Court by 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the court, pursuant to 28 U.S.C. §1367.

3.

All the events referred to in this complaint occurred within the Western District of Louisiana, United States of America. Venue is proper in this Court.

4.

Plaintiff's claims herein arise out of an incident involving Officer Dwight Huval, and Lafayette Consolidated Government's police department, within this judicial district.

**FACTS**

5.

September 12, 2015, Plaintiff was lawfully talking to friends in the local neighborhood subdivision of Sunnyside in Lafayette, Louisiana, when officers abruptly approached the scene in a military assault styled envelopment. Intimidated by the overwhelming police force and unaware of any

circumstances which restricted his freedom to vacate the premises, Mr. Lewis decided to vacate the scene. As Mr. Lewis is crossing the street to go about his business, defendant Huval jumped out of his police cruiser from the passenger side before the car came to a complete stop. Mr. Lewis continued across a fence through a neighbor's yard and continued jogging away, only to discover defendant Huval chasing him with a taser drawn and pointed at him. Petitioner picked up speed due to being fearful of being stunned for no apparent reason. Defendant Huval, unable to keep pace with Mr. Lewis, discarded his taser, drew his service firearm, and without cause shot Mr. Lewis in the back. Throughout this entire incident, Mr. Lewis posed no threat to defendant Huval or anyone else and had complete right to be left alone and secured in his person. After being wrongfully being shot in the back, Mr. Lewis fell forward severely injuring his face, losing several teeth, and suffered a multitude of bruises, contusions, and other physical and mental injuries. The injuries suffered by Mr. Lewis required him to stay several days in the hospital. The result of the unlawful stop, seizure, and arrest caused Mr. Lewis to be incarcerated and denied the rights of life, liberty and the pursuit of happiness as guaranteed by the U.S. Constitution.

  B. GENERAL ALLEGATIONS ON POLICY AND PRACTICE

14.

Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the governmental entity defendants and their decision maker, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional statutory rights of the decedent, complainant, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of among other things,

  a. Subjecting people to unreasonable uses of seizure and force against their persons;

b. Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, negligence and other misconduct;

c. Failing to adequately discipline officers involved in misconduct; and

d. Condoning and encouraging officers in the belief that they can violate the rights of persons such as the plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

e. Failing to adequately train, supervise, equip and control employees to ensure that unqualified officers are removed from the police force. With knowledge of the risks and consequences, defendant Huval failed to take reasonable steps to ensure that the public would not be harassed, injured, harmed or subjected to violations of their civil rights by officers for the Lafayette Police Department.

f. Defendants failed to properly train the officers of the Lafayette Police Department, including defendant Huval, regarding proper search and seizures. There has been a custom of defendant Lafayette Consolidated Government to allow officers to conduct improper, negligent, or otherwise insufficient searches of citizens detained, arrested, or otherwise taken into custody. In particular, in officer involved shootings, the police department has been allowed to maintain a system or practice of self-investigation with insufficient safeguards to weed out "trigger happy" officers.

g. Defendant LCG had a policy, practice, or custom of failing to train or failing to adequately train its officers regarding determining whether the appropriate criteria have been met to justify or warrant detention of members of the public. The failure of LCG to properly train

officers in the conduct of searches, and apprehending non-threatening members of the public constitutes deliberate indifference to the rights of persons with whom the officers come in contact, including, but not limited to, Tevin Lewis. Defendants disregarded the known and obvious risks and consequences of failing to properly train officers of the Lafayette Police Department.

h. As a direct and proximate result of the conduct of Defendants, Mr. Lewis sustained injuries and damages.

15.

Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the entity Defendant and its decision makers ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendant herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendant's conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of Mr. Lewis.

**C. ALLEGATIONS REGARDING DAMAGES.**

16.

Plaintiff sustained permanent injuries to his body, mind and emotions, including but not limited to, lost teeth, injured jaw, a permanently lodged bullet in his neck, requiring a lifetime of medical monitoring and treatment, injuries to his neck, back and other skeletal portions of his body, he also

suffers permanent scarring from a multitude of bruises and abrasions, all in an amount in accordance with proof, and general damages, including a diminished capacity to enjoy of life and earnings potential.

17.

Additional damages include medical expenses and loss of freedom.

18.

The conduct of defendants Huval and Lafayette Consolidated Government was willful, malicious, oppressive, gross negligence and a reckless disregard for the constitutional rights of petitioner, thus justifying punitive damages against the defendants in an amount in accordance with proof.

**FIRST CLAIM FOR RELIEF**
**(42. U.S.C. §1983)**

19.

Defendants, acting under color of state law, deprived Mr. Lewis of rights, privileges, and immunities secured by the U.S. Constitution and of laws of the United States, including those secured by the Fourth, Fifth, Eight, and Fourteenth Amendments to the U.S. Constitution, by among other things, subjecting the plaintiff to excessive force; and acting with deliberate indifference to the plaintiff's needs.

20.

The foregoing wrongful acts of Defendants caused the injuries and damages sustained by Mr. Lewis.

21.

In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them were willful, shocking to

the conscience of ordinary citizens oppressive, fraudulent, and mailicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

22.

Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

**SECOND CLAIM FOR RELIEF**
**(La. C.C. art. 2315)**

23.

The U.S. Constitution, Amendment IV, and the Louisiana Constitution, Article 1 §20 guarantees the right of person to be free from excessive force. Defendants, by engaging in the wrongful conduct alleged herein, denied those rights to Mr. Lewis, thus giving rise to claims for damages pursuant to La. C.C. art. 2315.

24.

As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above, and are entitled to compensatory and general damages under La. C.C. art. 2315, et seq according to proof.

25.

Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

**THIRD CLAIM FOR RELIEF**
**(Assault and Battery)**
**(Intentional Tort)**

26.

Defendant Huval assaulted and battered Mr. Lewis, causing his injuries.

27.

As a direct and proximate cause of the aforementioned acts of Defendants, Mr. Lewis was injured as set forth above and is entitled to compensatory and general damages according to proof.

**FOURTH CLAIM FOR RELIEF**
**(Police Negligence)**

28.

By virtue of the foregoing, Defendants owed Mr. Lewis a duty of due care, and that duty was breached in that Defendants' negligence and failure to exercise due care in dealing with Plaintiff proximately caused his injuries and damages described herein.

29.

Dwight Huval failed to properly observe, and assess the circumstances of Mr. Lewis who posed no threat to him.

30.

Lafayette Consolidated Government and its officers committed acts and omissions constituting negligence which were a proximate cause of the injuries and damages described herein; specific acts and omissions committed by defendant LCG include, but are not limited to, the following:

   a. Failure to properly train or otherwise act to ensure that the officers of the Lafayette Police Department, including defendant Huval, were properly trained in conducting stops, searches, and seizures and the proper use of force upon a fleeing victim, and by authorizing the use of

    military styled policing upon the public in disregard of their civil rights to be secure in their persons;

b. Failure to properly train or otherwise act to ensure that officers of the Lafayette Police Department, including defendant Huval, acted appropriately during the course of their employment with the Lafayette Police Department;

c. Failure to propagate rules, regulations, guidelines, policies or procedures reasonably necessary or sufficient to protect members of the public, including Mr. Lewis;

d. Failure to ensure that rules, regulations, guidelines, policies or procedures reasonably necessary or sufficient to protect members of the public, including Mr. Lewis, are followed and obeyed by officers of the Lafayette Police Department; and

e. Otherwise failing to exercise due care under the circumstances.

31.

As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above, and is entitled to compensatory and general damages according to proof.

32.

Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

### **NEGLIGENCE HIRING, SUPERVISION, AND RETENTION**

33.

Defendant LCG knew or should have known that defendant Huval subjected members of the public with whom they came into contact to an unreasonable risk of harm. Defendant LCG negligently

hired and retained defendant Huval as officers of Lafayette Police Department in spite of this knowledge or imputed knowledge.

34.

The conduct of each of the defendants was such that each knew or should have known that their conduct would naturally and probably lead to injury or harm and they continued that conduct in conscious and reckless disregard of the consequences form which malice and/or negligence can be inferred.

35.

At all times relevant herein, defendant Huval was an agent, servant, or employee of the LCG, operating under color of state law within the scope of his employment, service, or agency, and any conduct on the part of defendant Huval is imputed by law to defendant LCG, which is vicariously liable.

36.

Plaintiff incorporates by reference the allegations contained in the aforegoing paragraphs as is fully set forth herein.

<b>PRAYER</b>

WHEREFORE, plaintiff prays for judgment as follows:

<u>On All Causes of Actions</u>

    a. Compensatory, general, and special damages in accordance with proof;

    b. Costs of suit incurred herein;

    c. Mental and physical pain and suffering;

    d. Compensatory damages for psychological harm;

    e.   Medical monitoring;

    f.   Punitive and exemplary damages;

    g.   Attorney's fees and expenses of litigation;

    h.   Plaintiff prays for a trial by jury; and

    i.   For all statutory, general and equitable relief herein the premises.

Respectfully submitted:

s/ John W. Milton

_____
JOHN W. MILTON, Lead Counsel
Bar Roll # 19066
Attorney at Law
201 East Willow Street (70501)
P. O. Box 91362
Lafayette, Louisiana  70509
Tel:  (337) 232-8054; Fax:  (337) 232-8180

s/ Carol D. Powell Lexing

_____
Carol D. Powell Lexing, Bar Roll # 21033
Law Office of Carol D. Powell Lexing &
Associates, PLC
2485 Tower Dr., Ste. 6
Monroe, Louisiana 71201
Telephone: (318) 324-0700
Fax: (318) 324-0702

Lafayette Consolidated Government
through its Mayor, Joel Robideaux
705 W. University Ave
Lafayette, La 70506

Dwight Huval
at his place of employment, Lafayette Police Department
900 E. University Ave
Lafayette, La 70503