UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**TEVIN LEWIS**                                     **\*CIVIL NO. 6:16-1280**

**VERSUS**                                         **\*JUDGE DOHERTY**

**DWIGHT HUVAL, ET AL.**             **\* MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Penalty, Punitive or Exemplary Damages [rec. doc. 7] filed by the Lafayette City-Parish Consolidated Government and Officer Dwight Huval ("Officer Huval") in his individual and official capacity. The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 10].

For the following reasons, it is recommended that the Motion to Dismiss be granted in part, and that plaintiff's claims for punitive damages asserted under Louisiana state law, and plaintiff's claims for punitive damages under federal law against the Lafayette City-Parish Consolidated Government and Officer Huval in his official capacity, be dismissed. To the extent that plaintiff seeks punitive damages under federal law against Officer Huval in his individual capacity, that claim should remain pending.

## STATEMENT OF CLAIM

In his Complaint the plaintiff names the Lafayette City-Parish Consolidated Government and Officer Huval in both his individual and official capacity. Plaintiff alleges that his Fourth, Fifth, Fourteenth, and Eighth Amendment rights were violated when he was shot in the back by Officer Huval. Plaintiff alleges that prior to the shooting, he was lawfully talking to friends in a local neighborhood, when Officer Huval jumped out of his police cruiser and chased plaintiff while he was fleeing from the area. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and Louisiana state law. In paragraphs 18 and 21, as well as in his Prayer for Relief, plaintiff prays for an award of punitive damages; however, it is not clear as to whether punitive damages are sought as to any particular claim, or against any particular defendant, in any particular capacity. [*See* rec. doc. 1, ¶ 18, 21 and Prayer for Relief].

## LAW AND ANALYSIS

The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981). Thus, any allegations seeking recovery of punitive damages against the Lafayette City-Parish Consolidated Government under federal law should be dismissed as a matter of law.

The Supreme Court has also held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 161 (1985). Thus, a plaintiff is barred from recovering punitive damages against an official acting in his official capacity. *Id.* Accordingly, plaintiff cannot recover punitive damages under federal law against Officer Huval in his official capacity, and the defendants' motion should be granted in that respect.

Although unclear, Officer Huval apparently also contends that plaintiff's claim for punitive damages against him individually under federal law should likewise be dismissed. The Supreme Court has recognized, however, that punitive damages are recoverable against municipal employees when sued in their individual capacities. *Smith v. Wade*, 461 U.S. 30, 35 (1983). Plaintiff's Complaint alleges that Officer Huval acted personally to violate the civil rights of plaintiff when he allegedly unlawfully shot the plaintiff in the back during pursuit. [rec. doc. 1, ¶ 5]. Plaintiff further alleges that Officer Huval's actions were "willful, malicious . . . and a reckless disregard for the constitutional rights" of plaintiff. [rec. doc. 1, ¶ 18]. These allegations, if proven at trial, are sufficient to support an award of punitive damages against Officer Huval under federal law, in his individual capacity. Accordingly, to the extent that the defendants' Motion to Dismiss seeks to dismiss plaintiff's claim for punitive damages

under federal law against Officer Huval in his individual capacity, the Motion should be denied.

To the extent that plaintiff seeks an award of punitive damages on his claims asserted under Louisiana state law, the defendants' motion should be granted. It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants. Accordingly, the Court should dismiss plaintiff's claim for punitive damages under Louisiana state law.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within**

**fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 22nd day of February, 2017, at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE