# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TEVIN LEWIS** | **CASE NO.  6:16-CV-01280** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **DWIGHT HUVAL ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b) filed on behalf of Defendants, Officer Dwight Huval (individually and in his official capacity as a police officer) and Lafayette City-Parish Consolidated Government. (Rec. Doc. 6). Shortly after Defendants filed the motion to dismiss, in February 2017, the case was stayed pending outcome of the underlying criminal charges, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Those criminal charges having been resolved, Defendants moved to re-open the case, and, accordingly, the Court re-opened the case on May 1, 2019. (Rec. Doc. 14).

Plaintiff has not yet opposed the Motion, which was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be DENIED WITHOUT PREJUDICE, that Plaintiff be allowed to amend his complaint, and that Defendants be allowed to file another Rule 12(b) motion to dismiss after reviewing the amended complaint.

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[1] Under Fed. R. Civ. P. 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally. . . should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[2] Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal."[3] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[4]

This Court finds that it would be inequitable to dismiss Plaintiff's complaint without allowing him an opportunity to amend the complaint in response to the arguments raised in Defendants' motion. This Court recommends that Defendants'

---

[1]  *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

[2]  *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

[3]  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d at 329.

[4]  *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

Motion to Dismiss (Rec. Doc. 6) be DENIED WITHOUT PREJUDICE and that Plaintiff be given fifteen days from the date of the order, should this recommendation be accepted, to file an amended complaint. It is also recommended that Defendants be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[5]

---

[5] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

Signed at Lafayette, Louisiana on this 2nd day of May 2019.

                                                                             _____
                                                                             PATRICK J. HANNA
                                                                             UNITED STATES MAGISTRATE JUDGE