UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TEVIN LEWIS | CIVIL ACTION NO. 6:16-cv-01280 |
| VERSUS | JUDGE DOUGHTY |
| DWIGHT HUVAL, ET AL. | MAGISTRATE JUDGE HANNA |

**<u>ORDER</u>**

Currently pending before the court is the defendants' motion for leave to exceed the page limit when presenting their re-urged motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Rec. Doc. 24). Filed along with the motion for leave was the defendants' re-urged motion to dismiss (Rec. Doc. 24-2), a memorandum supporting that motion (Rec. Doc. 24-3), and a group of exhibits (Rec. Docs. 24-4 through 24-9).

Generally, when considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself to the contents of the pleadings, including attachments thereto."[1] However, the court may consider the attachments to a motion to dismiss as part of the pleading "if they are referred to in the plaintiff's complaint and are

---

[1] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). See, also, *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

central to her claim."[2] This Court's initial review of the defendants' exhibits showed that the exhibits were not referred to in the plaintiff's complaint and are not central to the plaintiff's claims. Instead, they are related to the defendants' basis for seeking to have those claims dismissed. Accordingly, the exhibits constitute evidence beyond the scope of the pleadings.

While the mere submission of extraneous materials does not by itself convert a Rule 12(b)(6) motion into a motion for summary judgment, a district court has broad discretion in deciding whether to treat a motion to dismiss as a motion for summary judgment.[3] Therefore, this Court has discretion, based on a determination of whether the submitted material is likely to facilitate the disposition of the action, to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion to dismiss.[4] Indeed, if "matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56."[5]

---

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d at 499. See, also, *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

[3] *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980).

[4] *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir. 1988). See, also, *Trinity Marine Products, Inc. v. U.S.*, 812 F.3d 481, 487 (5th Cir. 2016).

[5] Fed. R. Civ. P. 12(d). See, also, *National Cas. Co. v. Kiva Const. & Engineering, Inc.*, 496 Fed. App'x. 446, 452 (5th Cir. 2012); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

In this case, the additional evidence submitted along with the parties' briefs is important to the resolution of the issue presented in the motion to dismiss, i.e., whether the plaintiff's lawsuit is barred by the *Heck* doctrine. Therefore, this Court will convert the defendants' motion to dismiss to a motion for summary judgment. When such a conversion occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[6] Accordingly,

IT IS ORDERED that the motion for leave to exceed the page limit (Rec. Doc. 24) is GRANTED.

IT IS FURTHER ORDERED that the defendants' motion to dismiss (Rec. Doc. 24-2) is converted to a motion for summary judgment.

IT IS FURTHER ORDERED that the parties shall supplement the record in support of or in opposition to the pending motion, as converted, by submitting any relevant and appropriate summary-judgment-style evidence not later than January 7, 2020.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment (Rec. Doc. 24-2) is SET for oral argument on February 13, 2020 before the undersigned Magistrate Judge.

---

[6] Fed. R. Civ. P. 12(d).

Signed at Lafayette, Louisiana, on December 17, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE